Potts & Reilly, L.L.P.
401 W. 15th Street, Suite 850
Austin, Texas 78701
Telephone (512) 469-7474
Telecopier (512) 469-7480
Attn:  Susan E. Potts (SP 5304)
       Clinton L. Franklin (CF 8111)

Special Counsel for the
Unsecured Creditors' Committee
of Merco Joint Venture, L.L.C.

IN THE UNITED STATES BANKRUPTCY COURT　　　　Firm ID 74-2683672
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

MERCO JOINT VENTURE, L.L.C.,　　　　　　　　　　　Case No. 02-80588 (SB)

　　　　　　　Debtor.

---------------------------------------------------------------------x
UNSECURED CREDITORS' COMMITTEE OF
MERCO JOINT VENTURE, L.L.C.,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 04-

　　　　　　　Plaintiff,

　　　vs.

CANANWILL, INC.

　　　　　　　Defendant.

---------------------------------------------------------------------x

COMPLAINT   TO   AVOID   AND   RECOVER   PREFERENTIAL   TRANSFERS

　　　　　The Unsecured Creditors' Committee of Merco Joint Venture, L.L.C. on behalf of the Debtor Merco Joint Venture, L.L.C. ("UCC" or "Plaintiff"), by its attorneys Potts & Reilly L.P., for its complaint against defendant Eldan Properties, Ltd. ("Defendant") to avoid and recover preferential transfers under 11 U.S.C. §§547 and 550 made to

Defendant by the Debtor during the 90 days prior to the filing of the bankruptcy petition, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334.

2. Venue is proper under 28 U.S.C. § 1409.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(F) and (O).

## PARTIES

4. The Plaintiff is the UCC acting on behalf of the Debtor in Possession.

5. Upon information and belief, the Defendant can be served with process at 520 Post Oak Boulevard, Houston, Texas 77027.

## BACKGROUND

6. This voluntary chapter 11 bankruptcy case was filed on January 25, 2002 ("Petition Date").

7. The UCC was appointed on April 15, 2002.

8. On December 16, 2002, this Court entered a Stipulation and Order authorizing the UCC to pursue avoidance actions on behalf of the bankruptcy estate.

## FIRST CLAIM FOR RELIEF:
## THE DEFENDANT RECEIVED PREFERENTIAL TRANSFERS
## AVOIDABLE UNDER 11 U.S.C. §547

9. The UCC repeats and realleges paragraphs 1 through 8 of this Complaint as if completely set forth herein.

10. Within 90 days before the Petition Date, the Debtor issued and paid the total amount of $45,626.48 to the Defendant as described in **Exhibit "A,"** (the "Transfers").

11. Defendant was a creditor of the Debtor at all relevant times.

12. The Transfers were to or for the benefit of the Defendant.

13. The Transfers to the Defendant were for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

14. The Debtor was insolvent when the Transfers were made to the Defendant.

15. The Transfers allowed the Defendant to receive more than it would have received if (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code, (ii) The Transfers had not been made, and (iii) the Defendant received payment of its debt to the extent provided under the Bankruptcy Code.

16. For the purposes of Fed. R. Bankr. P. 7015(b), the UCC is seeking to avoid any transfers to the Defendant that are avoidable under 11 U.S.C. §§544, 547, 548, 549, 550. (Accordingly, the amount of the transfers to be avoided may be increased because the claims asserted or to be asserted by the Plaintiff arose from transfers received from the Debtor.)

17. The Transfers to or for the benefit of the Defendant are avoidable transfers made within the meaning of 11 U.S.C. §547(b).

### SECOND CLAIM FOR RELIEF: THE TRANSFERS RECEIVED BY THE DEFENDANT ARE RECOVERABLE UNDER 11 U.S.C. §550

18. The UCC repeats and realleges paragraphs 1 through 17 of this Complaint as if completely set forth herein

19. The Plaintiff is entitled to recover an amount equal to the value of the Transfers from the Defendant, as the initial transferee or the entity for whose benefit the Transfers were made, under 11 U.S.C. §550.

WHEREFORE, Plaintiff requests this Court to:

(i) Avoid the identified Transfers by the Debtor to the Defendant under 11 U.S.C. §547;

(ii) Direct the Defendant to pay to Plaintiff the amount of the Transfers described in **Exhibit "A,"** incorporated by reference plus interest, under 11 U.S.C. §550;

(iii) Award Plaintiff its cost of suit, including reasonable attorneys' fees; and

(iv) Any other and further relief that the Court finds appropriate.

Respectfully submitted: January 22, 2004.

        Potts & Reilly, L.L.P.

By:  /s/ Susan E. Potts
Susan E. Potts (SP-5304)
Pro Hac Vice Pending
Clinton L. Franklin (CF-8111)
Pro Hac Vice Pending
401 W. 15th Street
Suite 850
Austin, Texas 78701
Telephone (512) 469-7474
Telecopier (512) 469-7480

SPECIAL COUNSEL FOR THE
UNSECURED CREDITORS'
COMMITTEE OF MERCO JOINT
VENTURE, L.L.C.

G:\merco\lit\preferences\Canawill Inc. Complaint1.doc